Paul G. Hunczak (PH 3843)
Douglas C. Gray (DG 3907)
**MORRIS, DOWNING & SHERRED, LLP**
One Main Street
Newton, New Jersey 07860
 (973) 383-2700

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **PATRICIA KANE,** | : Civil Action No. 2:17-cv-06016 |
|  | : |
| **Plaintiff,** | : Hon. |
|  | : |
| **v.** | : **NOTICE OF REMOVAL** |
|  | : |
| **PHOENIX CARE SYSTEMS, INC. and** | : |
| **LEONARD F. DZIUBLA,** | : |
|  | : |
| **Defendants.** | : |
|  | : |

**TO:   CHIEF JUDGE AND JUDGES OF THE
         UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Clerk, Law Division
Superior Court of New Jersey – Middlesex County
56 Paterson Street
New Brunswick, New Jersey 08903

Michelle M. Smith
Clerk of the Superior Court of New Jersey
Hughes Justice Complex
25 West Market Street
Trenton, New Jersey 08625

Eugene Killian, Jr., Esq.
The Killian Firm, P.C.
555 Route 1 South
Suite 430
Iselin, New Jersey 08830
Attorney for Plaintiff Patricia Kane

**PLEASE TAKE NOTICE** that Defendants Phoenix Care Systems, Inc. and Leonard F. Dziubla ("Defendants") hereby remove this civil action from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-004202-17 (the "State Court Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441(b) and § 1446, as amended, and in accordance with 28 U.S.C. § 1331 and § 1332.

In support of this Notice of Removal, Defendants state:

1.      This employment action was commenced on July 12, 2017 in the Superior Court of New Jersey, Law Division, Middlesex County.  (True and correct copies of the Complaint and track notice, the only documents filed to date, are annexed hereto as Exhibit "A.")

2.      In the Complaint, Plaintiff Patricia Kane ("Plaintiff") alleges that she was subjected to harassment, wrongful termination, emotional distress and retaliation by Defendants, purportedly in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* (the "LAD") and the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1 *et seq.* ("CEPA").

3.      Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides for original jurisdiction of all civil actions in the district court between citizens of different States where the amount in controversy exceeds the sum or value of

-2-

$75,000, exclusive of interests and costs.  This action, therefore, may be removed to this court by Defendants pursuant to 28 U.S.C. § 1441(b) and § 1446.

4.     In addition to the Complaint, evidence establishing the parties' complete diversity and the amount in controversy are annexed to the accompanying Declaration of Richard Kunath, PCS' Chief Financial Officer (the "Kunath Decl.").

5.     Plaintiff is a citizen of the State of New Jersey.  (*See* Compl., Ex. A, introductory paragraph.)  She alleges that she was employed by Defendant Phoenix Care Systems, Inc. ("PCS") and was subject to harassment, discrimination, emotional distress and retaliation by PCS pursuant to the LAD and CEPA and further alleges harassment, discrimination, and emotional distress by Defendant Leonard F. Dziubla ("Dziubla"), the alleged President and Chief Executive Officer of Phoenix Care Systems, Inc.  (*See* Compl., Ex. A, ¶¶ 7 & 25-52.)

6.     Defendants are both citizens of the State of Wisconsin.  PCS is a corporation organized and existing pursuant to the laws of the State of Wisconsin having a principal place of business at 1744 N Farwell Ave, Milwaukee, Wisconsin 53202.  (Kunath Decl. ¶ 2.) Dziubla is an individual domiciled in Wisconsin.  (*Id.* ¶ 5.)

7.     Accordingly, there is complete diversity of citizenship between the parties.

8.     The amount in controversy requirement is also satisfied.  While employed by Defendants, Plaintiff earned a salary of $115,000.08 a year, in addition to substantial health, dental, vision, insurance and other benefits.  (See Kunath Decl. ¶ 7.)  Plaintiff was terminated on March 13, 2017 (*see* Compl., Ex. A, ¶ 24), and alleges claims for past and future compensatory damages for salary and benefits, punitive damages, damages for emotional distress, and other damages (*see* Compl., Ex. A, "WHEREFORE" clauses).  The

amount in controversy therefore exceeds the sum or value of $75,000, exclusive of interest, fees and costs.

9.    Defendants first received a copy of the Complaint by email on July 13, 2017 and formally accepted service of the Complaint on August 8, 2017.  (True and correct copies of the email originally enclosing the Complaint and the Waiver of Service are annexed hereto as Exhibits "B" and "C.")   Removal is timely under 28 U.S.C. ¶ 1446(b) because this notice is filed within 30 days after receipt by Defendants of a copy of the Complaint.

10.    Venue of this removal is proper under 28 U.S.C. § 1441(a) because the Court is the United States District Court for the district correspondence to the place where the State Court Action was pending.

11.    As required by 28 U.S.C. § 1441(a), a copy of all process and pleadings are annexed hereto.

12.    This Notice of Removal satisfies the requirements of 28 U.S.C. § 1446(b) because (i) Defendants have filed this Notice of Removal within one year of the date the State Court Action was commenced, and (ii) within 30 days after receipt by Defendants of the Complaint.

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Superior Court of New Jersey, Law Division, Middlesex County.  (A true and correct copy of the Notice is annexed hereto as Exhibit "D.")

14.    No admission of fact, law or liability is intended by the filing of this Notice, and all defenses, motions, and pleas are expressly preserved.

-5-

WHEREFORE, Defendants pray this Court will remove this action from the Superior Court of New Jersey, Law Division, Middlesex County, and requests that further proceedings be conducted in this Court as provided by law.

**MORRIS, DOWNING & SHERRED, LLP**

By:    _/s/ Douglas C. Gray_____
Douglas C. Gray (DG 3907)

ONE MAIN STREET
NEWTON, NEW JERSEY 07860
Tel: (973) 383-2700
Fax: (973) 383-3510
dgray@mdsfirm.com

Dated:   August 10, 2017

-5-

## CERTIFICATION OF SERVICE

I hereby certify that on August 10, 2017, the foregoing Notice of Removal, Corporate Disclosure Statement and Civil Cover Sheet were electronically filed with the Court and true and correct copies of same were served by Federal Express upon Plaintiff's counsel, Eugene Killian, Jr., Esq., The Killian Firm, P.C., 555 Route 1 South, Suite 430, Iselin, New Jersey 08830.

I also certify that on August 10, 2017, a true and correct copy of the Notice of Filing of Notice of Removal (Ex. D) was electronically filed with the Clerk of the Superior Court, Law Division, Middlesex County, and that additional true and correct copies of the Notice of Filing of Notice of Removal were served via Federal Express, postage pre-paid, upon (i) Plaintiff's counsel at the above-referenced address, (ii) Clerk, Law Division, Superior Court of New Jersey – Middlesex County, 56 Paterson Street, New Brunswick, New Jersey 08903, and (iii) Michelle M. Smith, Clerk of the Superior Court of New Jersey, Hughes Justice Complex, 25 West Market Street, Trenton, New Jersey 08625.

 /s/ Douglas C. Gray
Douglas C. Gray (DG 3907)