UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA KANE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PHOENIX CARE SYSTEMS, INC. and<br>LEONARD F. DZIUBLA,<br><br>　　　　　Defendants. | Civil Action No.<br><br>17-6016 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

### LEDA DUNN WETTRE, United States Magistrate Judge

This matter, having been opened by the Court *sua sponte* based on the failure of plaintiff Patricia Kane to comply with this Court's June 7, 2018 order to enter an appearance either by counsel or *pro se* (ECF No. 25); and plaintiff having failed to appear at an in-person case management conference on September 17, 2018; and for good cause shown, it is respectfully recommended that plaintiff's Complaint be stricken and that the case be dismissed without prejudice.

### BACKGROUND

Plaintiff commenced this action through counsel on July 12, 2017 in the Superior Court of New Jersey, Law Division, Middlesex County. (ECF No. 1-1). Plaintiff alleged that defendants Phoenix Care Systems and Leonard Dziubla discriminated and retaliated against her on the basis of sex by subjecting her to a hostile work environment. (*Id.*) Defendants removed the action to this Court on August 10, 2017. (ECF No. 1). Although the case initially proceeded with the assistance of counsel, on May 24, 2018, plaintiff's counsel moved to withdraw from her representation of plaintiff on the basis of plaintiff's continued failure to complete discovery and respond to counsel's communications. (ECF No. 24). By order dated June 7, 2018, the Court

granted counsel's motion to withdraw and directed plaintiff to either enter her appearance *pro se* or have substitute counsel enter an appearance on her behalf. (ECF No. 25). Withdrawing counsel served a copy of the order on plaintiff via First Class Mail and Federal Express. (ECF No. 26). Plaintiff failed to enter an appearance or secure substitute counsel; as a result, by order dated July 12, 2018, the Court deemed her to be *pro se.* (ECF No. 27). The Court further ordered that the parties appear for an in-person case management conference on September 17, 2018 at 11:00 am. (*Id.*) The Clerk's Office sent a copy of the July 12, 2018 order to plaintiff via certified mail, but it was returned as unclaimed. (ECF No. 28). Defense counsel appeared for the conference by telephone at the appointed date and time, but plaintiff did not.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes the Court to strike a party's pleading or dismiss an action as sanction for failure to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f) empowers the Court to impose the same sanctions against a party who fails to appear at a pretrial conference or to comply with a pretrial order. Fed. R. Civ. P. 16(f)(1); *see also Ramada Worldwide, Inc. v. Veer Enters., LLC*, Civ. No. 10-6480 (ES), 2013 WL 1314451, at *2 (D.N.J. Mar. 28, 2013).

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. *Id.* at 868. The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

2

      entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim
      or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 16(f). *See* Fed. R. Civ. P. 16(f)(1) ("On motion *or on its own*, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference; [or] . . . fails to obey a scheduling or other pretrial order."); *Mindek*, 964 F.2d at 1372–75; *Foreman v. Previziz*, Civ. No. 13-5807 (SDW), 2015 WL 1931453, at *1-2 (D.N.J. Apr. 27, 2015).

      **1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff alone is responsible for her failure to comply with this Court's Orders to appear for the September 17, 2018 case management conference. Plaintiff's failure to comply demonstrates a willful decision to disregard the Court's Orders.

      **2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's Orders has prejudiced defendants' ability to defend themselves in this action. The Third Circuit has held that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, with plaintiff's failure to participate and communicate with this Court and opposing counsel, defendants are prevented from presenting their defenses and concluding the action.

3

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's Orders, and thus has demonstrated a history of dilatoriness.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith. The circumstances, taken as a whole, however, suggest that plaintiff has abandoned her case.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, plaintiff has failed to participate in and prosecute her case. On these facts, no lesser sanction would be effective. *See Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008).

**6. Meritoriousness of the Claims.** Given the preliminary stage of the action when plaintiff became unresponsive, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court Orders, including an Order to appear in-person before the Court, which demonstrates a pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes her inability or refusal to comply with pretrial orders and her failure to adequately prosecute this matter.

4

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2). The Clerk of Court is directed to send Ms. Kane a copy of this Report and Recommendation by certified mail.

Dated: September 17, 2018

Hon. Leda Dunn Wettre
United States Magistrate Judge